**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Corrie M Ray,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-03533-PHX-DJH<br>**ORDER** |

Plaintiff Corrie M. Ray ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of her application for disability insurance benefits and supplemental security income. (Doc. 14). The matter is fully briefed. (Docs. 16, 22). Having reviewed the briefs and the Administrative Record (Docs. 11-1–11-11, "AR.") and for the reasons set out below, the Court concludes that this matter shall be remanded for further proceedings.

**I. Procedural Background**

On December 10, 2020, Plaintiff filed an application for disability insurance benefits, and on December 28, 2020, Plaintiff filed an application for supplemental security income, alleging a disability onset of September 7, 2020. (AR. 17). Plaintiff's claims were first denied on April 27, 2022, then again upon reconsideration on August 11, 2022. (*Id.*) After these denials, Plaintiff filed a request for a hearing, which was granted, and a telephonic hearing was held before the ALJ on April 30, 2024. (*Id.*) Following the hearing, the ALJ issued his decision, determining that Plaintiff was not disabled on July 24, 2024.

(*Id.* at 28).

The Appeals Council denied Plaintiff's request for review on July 31, 2025, causing the ALJ's July 24, 2024 to be adopted as a final agency decision. (*Id.* at 1). Upon receipt of this denial, Plaintiff filed the present action, seeking Court review, on September 25, 2025. (*See* Doc. 1).

**II. The ALJ's Decision**

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth step, where they determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, then the claimant is disabled. *Id.*

Here, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since September 7, 2020, the alleged onset date. (AR. 19). Second, the ALJ determined that Plaintiff suffered from severe impairments in the form of "cervical and lumbar degenerative disc disease; right knee degenerative joint disease; obesity; anxiety disorder; and depressive disorder." (*Id.*) And at the third step, the ALJ concluded that Plaintiff does not have an impairment or a combination of impairments that met or medically equaled an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.

(*Id.* at 20).

At step four, the ALJ found that Plaintiff had the RFC:

> [T]o lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for two hours in an 8 hour work day, sit for six hours in an 8 hour work day, and push and pull is limited to the weights given above. The claimant can occasionally climb, kneel, stoop, crouch, and crawl but never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to hazardous machinery and unprotected heights. The claimant is able to understand, remember, and apply detailed but not complex instructions, able to interact appropriately with supervisors, but only occasionally with coworkers and the general public. The claimant can concentrate, persist, and maintain pace for two hours at a time and manage herself and adapt to gradual changes in the workplace.

(*Id.* at 22). Fifth and finally, Plaintiff was found unable to perform any past relevant work. (*Id.* at 26). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform. (*Id.* at 27). As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 28).

## II. Standard of Review

In considering whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*

To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ is responsible for resolving conflicts, addressing ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.* at 954 (citations omitted).

## III. Discussion

Plaintiff, initially, presents the issue here as whether this matter should be remanded for further proceedings or an award of benefits. (Doc. 14 at 1). However, further reading reveals that Plaintiff first challenges the ALJ's assessment of Plaintiff's symptom testimony, certain medical opinion testimony, and Plaintiff's headaches. (*See id.* at 8–18). Lastly, Plaintiff contends that the ALJ erred in finding that a significant number of jobs existed in the national economy that Plaintiff could perform. (*Id.* at 18).

Plaintiff contends that the ALJ failed to give clear and convincing reasons supported by substantial record evidence for rejecting her subjective symptom testimony. (Doc. 14 at 8–13). More specifically, Plaintiff argues that the ALJ's generalized findings and recounting of waxing and waning symptoms do not satisfy the requirements to discredit her testimony, and Plaintiff's daily activities do not serve as reasons to disregard her symptoms testimony. (*Id.*) The Commissioner disagrees, arguing that the ALJ reasonably concluded that Plaintiff's more extreme allegations of debilitating mental limitations were inconsistent with objective evidence as well as her daily activities. (Doc. 16 at 3–8).

An ALJ must perform a two-step analysis when determining whether a claimant's testimony about subjective pain or symptoms is credible. *Lingenfelter*, 504 F.3d at 1035–1036 (9th Cir. 2007). First, the ALJ must determine whether Plaintiff presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Garrison*, 759 F.3d at 1014. "In this analysis, the claimant is not required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused

some degree of the symptom.' " *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Second, if there is no evidence of malingering, the ALJ may reject the Plaintiff's symptom testimony only by giving specific, clear, and convincing reasons. *Id.* at 1015; *Brown-Hunter*, 806 F.3d at 488–89.

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings about the Plaintiff's credibility are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, "an ALJ [is not] required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id* (quoting *Lingenfelter*, 504 F.3d at 1040).

Additionally, "[a]lthough [a] lack of medical evidence cannot form the sole basis for discounting pain [or symptom] testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Albeit an ALJ may not "effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022).

Here, the ALJ outlined Plaintiff's symptom testimony as follows:

> The claimant premises her claim for disability on neck and back pain, knee pain, and migraines. She alleges a pain scale of 8/10 on an average day before she takes medications which lowers the pain level to 5/10. She described neck pain radiating up her head to shoulders and arms and causing headaches. She testified that she experiences headaches often when the pain level is 8 9/10. The pain allegedly limits her ability to use the upper extremities such

> that she is unable to do things such as personal grooming. She also testified that she experiences sciatica and that she stretches out and lies down do alleviate her discomfort. The claimant also testified that she has COPD with difficulty breathing. In terms of standing and walking, she testified that she has great difficulty due to pain and difficulty breathing and can only sit for about 15 minutes due to pain. She estimated that she can walk only a very limited distance. Mentally, the claimant alleges a lot of depression, impaired memory, lack of motivation, and difficulty getting along with others. The claimant also alleges medication side effects including memory loss and feeling light headed.

(AR. 23). As to the first step, the ALJ determined that Plaintiff's impairments could reasonably be expected to produce the symptoms alleged. (*Id.*) Nonetheless, the ALJ determined that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the evidence reports a number of normal examination findings that are in contrast to allegations." (*Id.*)

The ALJ recounts Plaintiff's medical records at length. (*Id.* at 23–24). However, the issue with the ALJ's summary of the records is that it is just that–a summary of waxing and waning symptoms. Indeed, the ALJ takes "note" of many pieces of record evidence in this summary without explaining how it either supports or does not support any particularized conclusion he is reaching. Not to mention, the ALJ vacillates between medical evidence concerning Plaintiff's physical and mental symptoms without coming to a clear conclusion on any one symptom. *Gayle P. v. Comm'r Soc. Sec. Admin.*, 2022 WL 17485556, at *3 (D. Or. 2022) ("Plaintiff, however, reported a range and variety of symptoms and the ALJ failed to link any of his observations about the medical evidence to any specific testimony given by plaintiff about those symptoms."). "[P]roviding a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter*, 806 F.3d at 494). The ALJ neglected to "identify what testimony [was] not credible and what evidence undermine[d] the claimant's complaints." *Ghanim*, 763 F.3d at 1163.

For example, the ALJ neither explained (a) why smatterings of normal findings did

not support Plaintiff's symptom testimony; nor (b) why the normal findings should be given more weight than the abnormal findings to discredit her symptom testimony. *See Curtis v. Comm'r of Soc. Sec. Admin.*, 2018 WL 6418486, *7 (D. Ariz. 2018) (citing *Garrison*, 59 F.3d at 1009); *see also Sonya S. v. Comm'r of Soc. Sec.*, 2022 WL 420824, at *2 (W.D. Wash. 2022) ("The ALJ here noted some normal findings relating to Plaintiff's lower extremities, but failed to explain why those findings were more relevant or persuasive than the abnormal findings in the record."). The ALJ's discussion of the objective medical evidence, absent any reasons for credibility determinations, is insufficient to reject seemingly all of Plaintiff's testimony under the clear and convincing standard. *See Lambert*, 980 F.3d at 1277–78; *Burrell v. Colvin*, 775 F.3d 1133, 1137–38 (9th Cir. 2014).

The only time the ALJ provides any specific explanation for discrediting Plaintiff's symptom testimony is in mentioning email correspondence concerning Plaintiff driving for Uber/Lyft. The ALJ stated:

> The undersigned has also reviewed the records in 31F showing email correspondences in 2024. The undersigned takes note of an email in January 2024 reporting that the claimant was working as an Uber/Lyft driver which is in contrast to her allegations of disabling pain (31F p.7).

(AR. 24). Yet, "the ALJ failed to specify how Plaintiff's work as an Uber driver contradicted her symptom testimony or otherwise indicated that she was able to undertake the physical and mental functions that would be required on a sustained basis in a work setting." *Laurie A. W. v. O'Malley*, 2024 WL 6901364, at *4 (C.D. Cal. 2024). Moreover, while the Court will not reconsider the evidence, Plaintiff shows that she only worked as a driver for two weeks. (AR. 428). There is no indication that the ALJ considered the very limited timeframe of Plaintiff's driving, and regardless, Plaintiff's "[s]poradic ability to work" was not necessarily "inconsistent with disability." *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). Therefore, Plaintiff's short stint as an Uber/Lyft driver is not a clear and convincing reason for discrediting her testimony.

Additionally, though not mentioned in this particular portion of the ALJ's analysis,

the Commissioner states that the ALJ also "pointed out, elsewhere in the decision, Plaintiff reported she shopped for groceries, prepared meals, and had no problems maintaining her hygiene." (Doc. 16 at 7). However, these actions noted by the Commissioner are some of the most basic functions of life. And "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability [o]ne does not need to be utterly incapacitated in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001). Therefore, the Court does not find that these activities serve as clear and convincing reasons to reject Plaintiff's testimony.

Lastly, the ALJ seems to partially rely on the fact that, after an inpatient stay for suicidal ideations, Plaintiff "followed up with her primary care provider and reported that she felt much better after a medication adjustment." (AR. 24). But it is not clear which symptoms the ALJ is using this statement to discredit, nor is there any indication of sustained improvement from medication. Further, there is no other mention of Plaintiff's response to medication. This vague assertion is not a sufficient basis for discounting Plaintiff's symptom testimony.

Overall, the ALJ's discrediting of Plaintiff's symptom testimony was not supported by clear and convincing reasons. All the same, an ALJ's decision will not be reversed for errors that are harmless. *Stout v. Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)). However, a reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ … could have reached a different disability determination." *Id.* at 1056. In other words, legal errors are harmless only if they are inconsequential to the non-disability decision. *Id.* at 1055.

Here, the Court is unable to conclude that the ALJ's failure to state legally sufficient reasons for discounting Plaintiff's subjective symptom testimony or Dr. White's medical opinion was harmless. The ALJ's RFC determination necessarily relied on the ALJ's rejection of Plaintiff's symptom testimony. The Court realizes that the RFC accounted for

some of Plaintiff's symptoms, but it did not take into consideration the other discredited portions of her testimony, which included a broad finding as to the severity and persistence of apparently all of Plaintiff's alleged symptoms. Thus, the error was not harmless.

Because the Court finds that the ALJ erred in his assessment of Plaintiff's symptom testimony, the Court does not reach her remaining arguments. Indeed, the Court cannot address whether the ALJ properly found that a significant number of jobs that Plaintiff can perform exist in the national economy. This is because reevaluation of Plaintiff's symptom testimony may lead to a different RFC determination, and therefore the number of jobs, if any, that Plaintiff can perform may be reconsidered.

**V. Remand**

Once a court has determined an ALJ's decision contains harmful error, it maintains discretion to remand the case for additional proceedings or for an award of benefits. *Reddick*, 157 F.3d at 728 (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). This is "the proper course, except in rare circumstances[.]" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Conversely, under the "credit-as-true" rule, the court has discretion to remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted).

Plaintiff argues her case meets the credit-as-true standard. (Doc. 14 at 4–8). However, the Court finds it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated and explained. Further analysis of Plaintiff's subjective symptom testimony alongside other pertinent record evidence is necessary before a proper determination of Plaintiff's disability can be made.

Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate here.

Accordingly,

**IT IS ORDERED** that Administrative Law Judge's July 24, 2024, decision is reversed and remanded for additional proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 28th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge